J-S17042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SALIK NASIR AL-KAABAH, | : | |
| | : | No. 1654 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence May 12, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0001041-2015

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 10, 2017**

Salik Nasir Al-Kaabah ("Al-Kaabah") appeals from the judgment of
sentence imposed following his conviction of carrying a firearm without a
license.  *See* 18 Pa.C.S.A. § 6106.  We affirm.

The trial court set forth the relevant factual history as follows:

On February 22, 2014[], at 1:00 a.m.[,] [Al-Kaabah] and three
friends were pulled over in Tinicum Township on the Industrial
Highway by Officer Andrew O'Neill [("Officer O'Neill")] of the
Tinicum Township Police Department.  Officer O'Neill pulled the
vehicle over because the window tint was so dark that he could
not see in.  When he approached the vehicle[,] he asked the
driver, [Al-Kaabah,] to roll down all the windows so he could see
inside the vehicle.  Officer O'Neill immediately observed [that] all
subjects in the vehicle had their hands out in front of them and
all appeared nervous and were looking at him through the side
of their eyes.  Officer O'Neill then asked for more information.
[Al-Kaabah] produced his driver's license.  The other passengers
denied having identification and instead gave the officer their
names and dates of birth.  Officer O'Neill went to run these
names.  The two passengers in the back came up no record
found.  In the meantime[,] Officer Kevin Wiley [("Officer
Wiley"),] also of Tinicum Township[,] came to assist in the stop.
Officer Wiley approached the vehicle and immediately smelled

the overwhelming stench of fresh marijuana. He asked the subjects to exit the vehicle and patted them down for officer safety. Officer Wiley observed[,] in plain view around the driver's seat[,] what he termed as marijuana shake or debris. Officer Wiley then asked [Al-Kaabah] for permission to search the vehicle. [Al-Kaabah] gave his consent to search the vehicle. During the search[,] Officer Wiley noticed the glovebox was locked. Officer Wiley asked [Al-Kaabah] for access to the glovebox. [Al-Kaabah] gave Officer Wiley the keys to the locked glovebox. When the locked glovebox was opened[,] Officer Wiley found two loaded guns inside. All occupants of the vehicle were transported to the police station. At the police station[, Al-Kaabah] gave a statement to Officer Wiley. [Al-Kaabah] stated that he was with his three friends at a party that night. His friends asked to put something in his car. [Al-Kaabah] watched as one occupant handed a gun to another and then watched them put the guns in the glovebox. After the guns were placed in the glovebox[,] the car key was returned to [Al-Kaabah]. None of the occupants of the vehicle[,] including [Al-Kaabah,] were licensed to carry a handgun.

Trial Court Opinion, 8/31/16, at 4-5.

Following a jury trial, Al-Kaabah was convicted of carrying a firearm without a license. On May 12, 2016, the trial court sentenced Al-Kaabah to four days (representing his time served between February 22, 2014, and February 25, 2014), to 23 months in prison, followed by three years of probation. Al-Kaabah filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Al-Kaabah raises the following question for our review:

Whether [Al-Kaabah] should be afforded a new trial on the charge of carrying a firearm without a license[,] when a firearm was inside a car containing four people[,] and the court failed to instruct the jury that an element of the offense is possession or constructive possession of the firearm[?]

Brief for Appellant at 3 (capitalization omitted).

- 2 -

Al-Kaabah argues that the trial court failed to instruct the jury that possession (or constructive possession) of a firearm is a necessary element of carrying a firearm without a license.[1] Brief for Appellant at 5-6. Al-Kaabah claims that the trial court instead used the term "carrying," and that without further explanation, the jury improperly applied the common meaning. *Id.* at 6. Al-Kaabah asserts that the jury's misunderstanding of the law is evidenced by their request for a copy of the instruction regarding "firearms in a vehicle." *Id.* at 7. Al-Kaabah further contends that his conviction of carrying a firearm without a license is inconsistent with his acquittals of possession of a firearm with an altered or obliterated serial number and conspiracy. *Id.* at 8.

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an

---

[1] The trial court instructed the jury as follows regarding the carrying a firearm without a license charge:

> [Al-Kaabah] has been charged with carrying a firearm without a license. To find [Al-Kaabah] guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt[: F]irst, that [Al-Kaabah] carried a firearm in a vehicle[;] second, that [Al-Kaabah] was not in his place of abode, that is his home or his fixed place of business[;] and third, that [Al-Kaabah] did not have a valid and lawfully issued license for carrying a firearm.

N.T., 3/3/16, at 44.

erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

***Commonwealth v. Fletcher***, 986 A.2d 759, 792 (Pa. 2009).

Initially, in his Concise Statement, Al-Kaabah concedes (and our review of the record confirms) that his trial counsel did not object to the jury instruction prior to deliberations. Thus, any challenges to the content of or omissions from the trial court's jury instructions are waived.[2] **See** Pa.R.Crim.P. 647(C) (providing that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto **before** the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.") (emphasis added); ***see also Commonwealth v. Moury***, 992 A.2d 162, 178 (Pa. Super. 2010) (stating that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." (citations omitted)).

---

[2] Moreover, after deliberations began, the jury submitted the following question to the trial court: "Does being in control of a car make you responsible of [*sic*] a firearm?" N.T., 3/3/16, at 53. The trial court discussed the jury's question with counsel, outside of the presence of the jury, and proposed that it reread the instruction regarding possession of a firearm with altered or obliterated manufacturer's number, "because that's where the information about [p]ossession is[.]" **Id.** Al-Kaabah's trial counsel asked the trial court to instruct the jury that being in control of a car does not make one responsible for a firearm inside the car. ***See id.*** at 53-56. The trial court ultimately addressed the jury's question by rereading the following instruction regarding possession: "For a person to possess an item, they must have the power to control the item and the intent to control the item." **Id.** at 56.

To the extent that Al-Kaabah argues that his conviction of carrying a firearm without a license is inconsistent with his acquittal of possession of a firearm with altered or obliterated serial number, he is not entitled to relief on this claim, as it is well-settled that "inconsistent verdicts are permissible in Pennsylvania." *Commonwealth v. States*, 938 A.2d 1016, 1025 (Pa. 2007); *see also Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (stating that "[i]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. … [T]his Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." (citation omitted)). Further, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence[.]" *Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012). Accordingly, this claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2017

- 5 -